Hunt, J.
Plaintiff alleges that the defendant willfully and negligently caused the act complained of in the petition. The defendant has filed a motion to require the plaintiff to elect.
The fact that the wrongful act of the defendant may have been willful, precludes the defense of contributory negligence, not because the acts of the defendant might not be regarded as negligence, but because the negligence of the plaintiff is thereby precluded as a directly contributing cause of the injury.
The doctrine of “last chance,” applying the rule that the defendant can be presumed to intend the natural consequences of his act under known circumstances, includes (but not necessarily in all cases) the idea of intention or willfulness. A petition alleging willfulness, sufficient under the doctrine of “last chance,” does not preclude an answer setting up contributory negligence conditioned upon the non-existence of knowledge of plaintiff’s peril, and therefore of intention, actual or presumed. Only however upon the assumption that the allegation of willfulness, is intended to make the petition sufficient under the doctrine of “last chance,” is willfulness material to plaintiff’s cause of action.
If such is plaintiff’s intention, the facts should be more specifically alleged. If plaintiff has no such intention it should be stricken out.
The motion to require the plaintiff to elect is therefore granted, not because willfulness is always incompatible with negligence, but because the plaintiff’s petition should contain allegations which unconditionally, and not alternatively, preclude his own negligence as a directly contributing cause of his injury.